STATE of Missouri, Respondent,

v.

James B. WILLIAMS, Appellant.

No. WD 32445.

Missouri Court of Appeals, Western District.

Feb. 16, 1982.

948

Ronald M. Sokol, Thomas L. Duty, St. Joseph, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

Before CLARK, P. J., and MANFORD and KENNEDY, JJ.

CLARK, Presiding Judge.

James B. Williams was jury tried and convicted of deviate sexual assault in the first degree as proscribed by § 566.070, RSMo 1978.[1] He appeals and under various points contends the proof did not support his conviction for that offense but, if any offense was established, it was either sexual misconduct, § 566.090, or sexual abuse in the third degree, § 566.120, upon which the jury should have been instructed. Affirmed.

Despite the challenge to the sufficiency of the evidence, a minimal review of the facts shown by evidence for the state will suffice as a prelude to discussion of the

1. All references are to RSMo 1978.

points. Stated most favorably to conform with the verdict, the evidence entitled the jury to find the victim, fifteen year old Tommy, was at Williams' home when Williams commenced to embrace him, partially removed Tommy's clothing and performed an act of fellatio. Tommy protested that the late hour would prompt his mother to call the police. Williams then allowed Tommy to dress and took him home. As they parted, Williams gave Tommy five dollars with an admonition to say nothing about the affair.

In his first point, Williams contends the evidence was insufficient to convict him of sexual assault because he made no threat and employed no force to obtain Tommy's compliance in the act complained. Some engagement in force or violence, he argues, is implicit in the charge because of language in the title of the act. Williams cites no authority for this contention apart from cases which permit use of the title to an act as indicative of legislative intent.

§ 566.070 as pertinent here is of markedly limited scope. Conviction for deviate sexual assault in the first degree may be had only if the victim is incapacitated or is in the age range of fourteen to fifteen. It is apparent that the legislature has defined a group of persons upon whom deviate sex acts may not be performed without penalty. The composition of the group restricts it to those who may be of sufficient maturity to be objects for unnatural sexual gratification but be, at the same time, inherently incapable of physical resistance or freedom of choice. In a word, the statute has the objective of protecting those who are least capable of protecting themselves.

■ Williams' first point is without merit, first, because the statute explicitly requires no employment or threat of physical force as is normally contemplated in crimes of violence but, more importantly, because the design of the statute is to identify as assaultive certain behavior toward persons of impaired capacity. The act constitutes an assault not by the manner of commission but by the identity of the victim.

Williams next argues in two alternative points that error was committed when the court failed to instruct the jury on the elements and punishment range for sexual misconduct, § 566.090. To the extent relevant here, sexual misconduct proscribed by § 566.090 is deviate sexual intercourse with a person under the age of seventeen or a person of the same sex. Williams argues that deviate sexual acts with the fifteen year old Tommy were within the offense of sexual misconduct and, alternatively, it was error for the court not to instruct the jury as to sexual misconduct, a lesser included offense, or not to sentence under the less harsh penalty provision of the lesser offense.

■ If the contention that sexual assault under § 566.070 requires violent or intimidating behavior be rejected, as we have done in the first point above, it is apparent that deviate sexual conduct with a fourteen or fifteen year old victim may be charged either as a deviate sexual assault in the first degree or as sexual misconduct. In this limited age range, the elements of each offense are the same and, thus, one offense is not a lesser included offense of the other. Where the legislature has chosen to constitute the same facts as separate offenses with different penalties, it is in the discretion of the prosecution as to which charge shall be brought. *State v. Gibson*, 623 S.W.2d 93, 101 (Mo.App.1981).

In a final point, Williams argues that it was also error for the trial court not to instruct the jury on the elements of third degree sexual abuse. That offense is defined under § 566.120 as subjecting another person, to whom the accused is not married, to sexual contact without consent. Sexual contact is defined as the touching of the genitals or anus or the breast of a female for the purpose of arousing or gratifying sexual desire. Williams contends that the jury could have disbelieved the victim's

testimony of the act of oral copulation but have believed there was other contact with the victim's genital organ and thereby have acquitted Williams of sexual assault and convicted him of sexual abuse.

The answer to this argument is there was no such evidence. Tommy testified as to the act performed upon him by Williams and was positive as to its consummation. Tommy's mother stated that Tommy was upset when he arrived home, that he related the events and identified Williams, his apartment and his car. Williams in his testimony denied the occurrence. If the jury believed the state's evidence, as they did, there was no basis to convict Williams of sexual abuse and acquit him of sexual assault. If the jury believed Williams, there was no basis to convict him of any offense. The lesser offense of third degree sexual abuse was not within the scope of the proof.

The judgment is affirmed.

All concur.