COCKTAIL FORTUNE,
INC., Respondent,

v.

SUPERVISOR OF LIQUOR
CONTROL, Appellant.

No. 81309.

Supreme Court of Missouri,
En Banc.

June 29, 1999.

Jeremiah W. (Jay) Nixon, Atty. Gen., Michael A. Zito, Asst. Atty. Gen., Jefferson City, for appellant.

Christopher J. Stark, Springfield, for respondent.

STEPHEN N. LIMBAUGH, Jr., Judge.

Appellant, Missouri's Supervisor of Liquor Control ("Supervisor"), appeals a judgment of the circuit court reversing a decision of the Administrative Hearing Commission ("AHC") that the liquor license of Cocktail Fortune, Inc. ("Cocktail") was "subject to discipline" because Cocktail had permitted "lewd conduct" on its premises. The circuit court concluded that the term "oral copulation" as used in 11 CSR 70–2.130, the liquor license regulation banning lewd conduct, was unconstitutionally vague, thus making that part of the regulation unenforceable. After a split opinion by the Court of Appeals, Southern District, this Court granted transfer. Mo. Const. art. V, sec. 10. Having now concluded that the term "oral copulation" is not void for vagueness, the judgment of the circuit court is reversed and the case is remanded.

## I.

The Supervisor has primary responsibility for enforcing the state's liquor control laws as set out in Chapters 311 and 312, RSMo 1994, and the regulations promulgated thereunder.

Cocktail owns and operates the Club Mercedes, a nightclub in Springfield, Missouri, where women perform exotic, semi-nude dancing and strip tease. It is licensed by the state to serve retail liquor by the drink.

The facts surrounding the incidents in question, as determined by the AHC, are as follows: On November 2, 1992, Springfield policemen, acting undercover, visited Club Mercedes. A dancer by the stage name "Angel" performed a "chair dance" for one of the officers, and as the dance progressed, she used her mouth to remove a dollar bill that had been inserted in his pants' fly. Before removing it, however, she held the bill up with one hand, then placed her mouth over the bill and slowly moved her head up and down and back and forth. That same night, another officer asked for a "chair dance" and selected

a dancer known as "Peaches." In performing her dance, "Peaches" used her mouth to remove a dollar bill that had been inserted under the officer's belt just above his pants fly. Before removing it, however, she held the bill up with one hand, then placed her mouth over the bill and slowly moved her head up and down and back and forth.

Based on the officers' reports, Supervisor's agents filed a "Violation Report", which charged that Cocktail had twice violated 11 CSR 70–2.130(14)(A), which prohibits, *inter alia*, the performance of acts or simulated acts of "oral copulation" on a liquor licensee's premises. On November 4, 1993, Supervisor entered an order finding that Cocktail had violated the regulation and imposed the civil sanction of a ten-day suspension of Cocktail's liquor license.

Cocktail then filed a complaint with the AHC requesting a review of the Supervisor's action in suspending the liquor license. After a full evidentiary hearing, the AHC issued findings of fact and conclusions of law in which it determined that "Angel" and "Peaches" committed acts of "simulated fellatio" and upheld the Supervisor's imposition of discipline. In its conclusions of law, the AHC stated:

> Although fellatio or cunnilingus are more widely used terms, we conclude that the Supervisor's use of the term "oral copulation" means the same thing.... [O]ral copulation is a sexual joining together at or near the mouth. Both dancers clearly intended to and did simulate fellatio, also a violation of paragraph (A).

Cocktail then filed a petition for review with the circuit court, which reversed the AHC's decision on the ground that 11 CSR 70–2.130(14), as it pertains to "oral copulation," is vague and unenforceable. This appeal followed.

 Under section 536.140, RSMo 1994, this Court's review of a case decided initially by the AHC is limited to a review of the AHC's findings and conclusions, rather than the judgment of the circuit court. *Psychcare Management v. Department of Social Services,* 980 S.W.2d 311, 312 (Mo. banc 1998). In this case, however, the circuit court ruled on the constitutional validity of the liquor control regulation, a determination the AHC, as an executive branch agency, does not have authority to make. *State Tax Commission v. Administrative Hearing Commission,* 641 S.W.2d 69, 76 (Mo. banc 1982). Because the only basis the circuit court gave for reversing the AHC's decision was that the regulation was unconstitutional, this Court reviews only the circuit court's judgment.

## II.

 It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined. *State v. Mahan,* 971 S.W.2d 307, 312 (Mo. banc 1998). The void for vagueness doctrine ensures that laws give fair and adequate notice of proscribed conduct and protects against arbitrary and discriminatory enforcement. *Id.* The test in enforcing the doctrine is whether the language conveys to a person of ordinary intelligence a sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices. *State v. Schleiermacher,* 924 S.W.2d 269, 276 (Mo. banc 1996). However, neither absolute certainty nor impossible standards of specificity are required in determining whether terms are impermissibly vague. *State v. Duggar,* 806 S.W.2d 407, 408 (Mo. banc 1991). Moreover, it is well established that "if the law is susceptible of any reasonable and practical construction which will support it, it will be held valid, and ... the courts must endeavor, by every rule of construction, to give it effect." *Id.* (quoting from *City of St. Louis v. Brune,* 520 S.W.2d 12, 16–17 (Mo.1975)). Finally, courts employ "greater tolerance of enactments with civil rather than criminal penalties because the consequences of imprecision are qualitatively

less severe." *State ex rel. Nixon v. Telco Directory Pub.*, 863 S.W.2d 596, 600 (Mo. banc 1993).

With these rules in mind, we turn to the regulation, 11 CSR 70–2.130, which provides in pertinent part:

> (14) Lewdness. No retail licensee or his/her employee shall permit in or upon his/her licensed premises-
>
> (A) The performance of acts, or simulated acts of sexual intercourse, masturbation, sodomy, bestiality, *oral copulation*, flagellation or any sexual acts which are prohibited by law;
>
> (B) The displaying of any portion of the areola of the female breast;
>
> (C) The actual or simulated touching, caressing or fondling of the breast, buttocks, anus or genitals;
>
> (D) The actual or simulated displaying of the pubic hair, anus, vulva or genitals;
>
> (E) The permitting by a licensee of any person to remain in or upon the licensed premises who exposes to public view any portion of his/her genitals or anus; and
>
> (F) The displaying of films, video programs or pictures depicting acts, the live performances of which are prohibited by this regulation or by any other law.

(Emphasis supplied).

■ The term "oral copulation", as used in this regulation, is not void for vagueness because it adequately describes the proscribed conduct. "Oral copulation" is simply the combining of two specific words: "oral," meaning "of, relating to, or belonging to the mouth; given or taken through or by way of the mouth," Webster's Third International Dictionary, 1585 (1986), and "copulation," meaning "the act of coupling or joining ... sexual union." *Id.* at 503. In combining this information, a person of common intelligence will necessarily understand that "oral copulation" is a sexual union taken through or by way of the mouth, i.e., oral sex, cunnilingus or fellatio.

Furthermore, the regulation governing lewdness, when taken as a whole, also supports the conclusion that the term "oral copulation" is not vague. Each provision of the regulation deals with sexually related conduct, including: bestiality; oral copulation; flagellation; touching, caressing or fondling of breasts; display of pubic hair, anus, vulva or genitals. By considering the use of the term "oral copulation" in the context of these other provisions, it is apparent that the term refers to fellatio, cunnilingus or oral sex.

It is also significant that this Court has used the very same term—"oral copulation"—without providing the reader with a more specific definition. In *Wilson v. State*, 459 S.W.2d 298 (Mo.1970), a case involving forcible rape, the Court referred to the fact that the defendant had forced the victim "to perform oral copulation" on him. *Id.* at 300. Similarly, in *State v. Shumate*, 478 S.W.2d 328 (Mo.1972), another rape case, this Court referred to the fact that the trial court had found that the defendant had committed "acts of oral copulation" in addition to the rape. *Id.* at 329. Indeed, when describing the facts of the offense, this Court used the term "oral copulation" at least four times without further definition. *Id.* at 329–330. The Court of Appeals has also used the term "oral copulation" synonymously with either fellatio or cunnilingus. *See, e.g., State v. Williams*, 628 S.W.2d 947, 949–50 (Mo.App.1982); *Vaughan v. State*, 614 S.W.2d 718, 721 (Mo.App.1981), *State v. Cole*, 581 S.W.2d 875, 876 (Mo.App.1979), and *State v. Davis*, 540 S.W.2d 122, 123–24 (Mo.App. 1976). As these opinions reveal, the term "oral copulation" is clearly the equivalent of fellatio or cunnilingus and, as such, the term is not vague.

■ Although it may be possible to hypothesize conduct where it is unclear that the conduct falls under the regulatory prohibition against "simulated oral copulation," the hypothetical approach is not the appropriate standard for reviewing whether a regulation is void for vagueness. In reviewing vagueness challenges, "it is not necessary to determine if a situation could

be imagined in which the language used might be vague or confusing ... [r]ather, the language is to be evaluated by applying it to the facts at hand." *Mahan,* 971 S.W.2d at 312. (quoting from *State v. Young,* 695 S.W.2d 882, 883–84 (Mo. banc 1985)).

In this case, the facts as determined by the AHC leave no doubt that Cocktail's dancers performed simulated acts of "oral copulation." Both dancers used their hands to hold a dollar bill on each man's genital area while putting their mouths over the dollar bills and slowly moving their mouths up and down, towards and away from the man's genital region. A person of ordinary intelligence would have no difficulty understanding that the dancers' actions were simulating "oral copulation" or fellatio.

The judgment of the trial court is reversed, and the case is remanded for proceedings not inconsistent with this opinion.

All concur.