Honorable Lanie Black Representative, District 161 Room 116-1, State Capitol Building Jefferson City, MO 65101
Dear Representative Black:
You have submitted to this office a request for an opinion "whether corporate/partnership membership qualifies as ownership in accordance with RSMo sections 242.150, 245.335, and 245.060, . . ." From the information that you have submitted, it appears that an individual was removed who had been elected as a supervisor of a drainage district because he did not personally own land within the district but had been a corporate representative of a corporation that did own land within the district. Because the information you have supplied indicates the issue involves whether a corporate representative may serve on a board of supervisors, we have limited our response to that question and not to whether a partnership representative can so serve.
Chapter 242 deals with drainage districts, while Chapter 245 deals with levee districts. The provisions regarding qualifications to be a member of the board of supervisors of a levee district vary slightly from those to be a member of the board of supervisors of a drainage district. The board of supervisors for a drainage district created by a circuit court are elected under the provisions of Section 242.150,[1] which provides in pertinent part:
 Within thirty days after any drainage district shall have been organized . . . the circuit clerk . . . shall, . . . call a meeting of the owners real estate or other property situate in said district, . . . for the purpose of electing a board of five supervisors, to be composed of owners of real estate in said district, two of whom at least shall be residents of the county or counties in which such district is situate, or some adjoining counties; . . . at such election each and every acre of land in the district shall represent one share, and each owner shall be entitled to one vote in person or by proxy for every acre of land owned by him in such district, and the five persons receiving the highest number of votes shall be declared elected as supervisors; . . .
Drainage districts may also be formed under Chapter 243. The board of supervisors are elected in the same fashion as in Chapter 242. See Section 243.470.4, RSMo. If a drainage district organized by a circuit court is consolidated with one organized by a county commission, a new board of supervisors is elected as provided in Chapter 242. See Section243.475.2(2).
Levee districts may be created pursuant to Chapter 245. The election of a levee district board of supervisors is governed by Section 245.060, which provides in pertinent part:
 Within thirty days after any levee district shall have been organized and incorporated under the provisions of section 245.025 the circuit clerk . . . shall, . . . call a meeting of the owners of real estate or other property situate in said district, including the authorized representative of any corporation which owns real estate or other property situate in said district, . . . for the purpose of electing a board of five supervisors, to be composed of owners of real estate in said district, which may include the authorized representative of any corporation which owns real estate or other property in said district, two of whom at least shall be residents of the county or counties in which said district is situate, or some adjoining counties; . . . at such election each and every acre of land and each and every mile of right-of-way of every corporation owning a franchise in the district shall represent one share, and each owner shall be entitled to one vote in person or by proxy for every acre of land or mile of right-of-way owned by him in such district, and the five persons receiving the highest number of votes shall be declared elected as supervisors; . . . provided, that if the levee district be located within a third or fourth class city of this state, or within any city in this state under fifty thousand population operating under a special charter then the owner of each lot, tract, parcel or subdivision thereof, as set forth in the final decree of the court creating and incorporating said levee district, shall be entitled to one vote, in person or by proxy, for each lot, tract, parcel or subdivision thereof, owned by him.
(Emphasis added.)
An old levee district may be reorganized by a county commission. See Sections 245.285 to 245.545. When such a levee district is reorganized, appointment is made pursuant to Section 245.335, which provides:
 At the term of the county commission at which said levee district may be laid off, or at any subsequent term thereof, the said commission shall appoint three directors of levees, who shall be landholders within the county for the levee district of which the county is the whole or part thereof, one of which directors shall hold his said office for the term of one year, one for the term of two years, and one for the term of three years, and until their successors are duly appointed and qualified; and the said commission shall annually thereafter appoint one director to take the place of the director whose official term expires, possessing the same qualifications as the director first appointed, who shall hold his office for the term of three years.
When a meeting is called to select members of the board of supervisors of a levee district, the circuit clerk is specifically directed to contact "the authorized representative of any corporation which owns real estate or other property situate in said district." Section 245.060. No such language appears in the statutory framework for drainage districts. The legislature is presumed to know the provisions of one statute when enacting another one. Bushell v. Schepp, 613 S.W.2d 689 (Mo.App. 1981).
The issue presented is whether a representative of a corporation can serve as a member of the board of supervisors of either a drainage district or levee district. The qualifications to serve on the board in a drainage district include ownership of real estate within the district, with at least two members residents of a county within the district. See Section 242.150. For levee districts, board members are "to be composed of owners of real estate in said district, which may include the authorized representative of any corporation which owns real estate or other property in said district." Section 245.060.
It appears from the statutory framework that the legislature has decided that a corporate representative may be elected to the board of supervisors of a levee district but not for a drainage district. Because there is a strong presumption that statutes are constitutional, we assume that this distinction between levee districts and drainage districts would withstand any challenge. Cocktail Fortune, Inc. v. Supervisor ofLiquor Control, 994 S.W.2d 955 (Mo. 1999).
 CONCLUSION
An authorized representative of a corporation that owns property within a levee district may be elected to the board of supervisors as provided in Section 245.060. There is no provision that an authorized representative of a corporation that owns property in a drainage district may be elected to the board of supervisors of a drainage district under Section 242.150.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General
[1] Unless otherwise specified, all statutory references are to RSMo 2000.