

# SUPREME COURT OF MISSOURI
## en banc

CITY OF MARYLAND HEIGHTS, ET AL.,   )   *Opinion issued February 15, 2022*
  )
                  Respondents,   )
  )
v.   )   No. SC99098
  )
STATE OF MISSOURI,   )
  )
                  Appellant.   )

## APPEAL FROM THE CIRCUIT COURT OF COLE COUNTY
The Honorable S. Cotton Walker, Judge

Officials of political subdivisions in St. Louis County brought suit seeking a declaratory judgment that section 115.646,[1] which prohibits officials from directly using public funds to advocate, support, or oppose a ballot measure or candidate for public office, violates the First and Fourteenth Amendments of the United States Constitution. The circuit court agreed and entered a declaratory judgment that section 115.646 violated the officials' right to free speech and was void for vagueness. The state appealed. This Court has jurisdiction pursuant to article V, section 3 of the Missouri Constitution. Because section 115.646 regulates the use of public funds, not the officials' speech, it

---

[1] All statutory references are to RSMo 2016 unless otherwise noted.

does not implicate the free speech clause of the First Amendment. The circuit court further erred in declaring several words and phrases in section 115.646 to be unconstitutionally vague. Accordingly, this Court vacates the circuit court's judgment and remands the case for further proceedings.

## Background

In 2019, the City of Maryland Heights, as well as other political subdivisions in St. Louis County, and officials of political subdivisions, including the mayors of Maryland Heights, Olivette, and Rock Hill and the administrator and clerk of Winchester, (collectively, "Plaintiffs") initiated a lawsuit seeking a judgment declaring section 115.646 unconstitutional. Plaintiffs argued section 115.646 infringes on the officials' speech rights as guaranteed by the First Amendment of the United States Constitution. Plaintiffs also argued section 115.646 is unconstitutionally vague in violation of the Fourteenth Amendment of the United States Constitution.[2]

When Plaintiffs initiated their lawsuit, section 115.646 provided:

No contribution or expenditure of public funds shall be made directly by any officer, employee or agent of any political subdivision to advocate, support, or oppose any ballot measure or candidate for public office. This section shall not be construed to prohibit any public official of a political subdivision from making public appearances or from issuing press releases concerning any such ballot measure.

---

[2] Plaintiffs further contended section 115.646 is unconstitutionally overbroad in violation of the First Amendment, and Plaintiffs sought a judgment declaring the meaning of several terms and phrases in section 115.646. The circuit court, however, dismissed both counts as moot when it sustained Plaintiffs' motion for summary judgment.

2

§ 115.646.[3]

Because section 115.646 did not prescribe a punishment for those who violated it, a violation of section 115.646 constituted a class four election offense. § 115.641. Under section 115.637, violators of class four election offenses are subject to imprisonment of up to one year in jail, a fine of up to $2,500, or both. Section 115.646 also may be enforced by the Missouri Ethics Commission, subjecting the violator to civil fines. § 105.957.1(6).

Plaintiffs moved for summary judgment. The circuit court sustained Plaintiffs' motion for summary judgment, declaring that section 115.646 violated the officials' First Amendment rights because it regulates speech based on its content and is not narrowly tailored to serve a compelling state interest. The circuit court also found multiple terms and phrases in section 115.646, including "ballot measure," "public funds," and "advocate, support, or oppose," to be unconstitutionally vague. The state appeals.

---

[3] The General Assembly amended section 115.646 after Plaintiffs initiated their lawsuit. It now reads:

> No contribution or expenditure of public funds shall be made directly by any officer, employee or agent of any political subdivision, *including school districts and charter schools*, to advocate, support, or oppose *the passage or defeat of* any ballot measure or *the nomination or election of any* candidate for public office, *or to direct any public funds to, or pay any debts or obligations of, any committee supporting or opposing such ballot measures or candidates*. This section shall not be construed to prohibit any public official of a political subdivision*, including school districts and charter schools*, from making public appearances or from issuing press releases concerning any such ballot measure. *Any purposeful violation of this section shall be punished as a class four election offense.*

§ 115.646, RSMo Supp. 2021 (emphasis added).

**Analysis**

"This Court reviews challenges to the constitutional validity of a statute *de novo*."

*City of Aurora v. Spectra Commc'ns Grp., LLC*, 592 S.W.3d 764, 774 (Mo. banc 2019).

"The person challenging the statute's validity bears the burden of proving the act clearly

and undoubtedly violates the constitution." *City of De Soto v. Parson*, 625 S.W.3d 412,

415 (Mo. banc 2021) (quotation marks omitted).

## I. Officials' First Amendment Claims

The circuit court declared section 115.646 violates the free speech clause of the

First Amendment because it regulates the officials' speech based on the content of their

speech and fails strict scrutiny. This was error. "The First Amendment, applicable to the

States through the Fourteenth Amendment, prohibits laws abridging the freedom of

speech." *Reed v. Town of Gilbert*, 576 U.S. 155, 163 (2015) (quotation marks omitted).

Section 115.646, however, plainly does not regulate the officials' speech. Rather, section

115.646 regulates the use of "public funds" to subsidize the officials' speech.[4] Section

115.646 does not purport to regulate the speech of officials when they do not use public

funds. Section 115.646 also does not in any way prohibit the use of private or personal

funds to subsidize officials' speech. In other words, section 115.646 does not limit or

prohibit officials' speech; it merely prohibits them from using public funds to facilitate or

augment that speech. *See Sweetman v. State Elections Enf't Comm'n*, 732 A.2d 144, 157

---

[4]   Plaintiffs do not argue section 115.646 violates the First Amendment rights of political
subdivisions by regulating a political subdivision's use of public funds to convey its message
through its officials, employees, or agents. Such an argument would lack merit because

4

(Conn. 1999) (rejecting the argument that a similar statute chilled speech because "[t]he statute does not prohibit public officials from speaking; it merely prohibits them from using the public fisc to purchase a soapbox").

Essentially, the officials argue they are authorized to use public funds to subsidize speech they believe is in the best interest of their political subdivisions. This Court can assume (without deciding) this was true before the enactment of section 115.646, but plainly the legislature has stripped such authority from them and doing so does not violate the First Amendment. As the Supreme Court has recognized, "A refusal to fund protected activity, without more, cannot be equated with the imposition of a 'penalty' on that activity." *Rust v. Sullivan*, 500 U.S. 173, 193 (1991) (quotation marks omitted). As a result, "[a] legislature's decision not to subsidize the exercise of a fundamental right does not infringe the right." *Id.* (quotation marks omitted); *see Buckley v. Valeo*, 424 U.S. 1 (1976) (finding a statute providing public funding to some candidates but not others did not violate the speech rights of candidates who did not receive funding), *superseded by statute*. Because these officials have no indefeasible right to use public funds to subsidize their speech, section 115.646 does not violate the First Amendment.

## II. Officials' Vagueness Claims

The circuit court also erred in declaring section 115.646 is unconstitutionally vague in violation of the due process clause of the Fourteenth Amendment.[5] "[T]he void

---

government speech lacks First Amendment protection. *Pleasant Grove City v. Summum*, 555 U.S. 460, 467 (2009).

[5] Although they are related doctrines, vagueness under the due process clause is different than First Amendment overbreadth. While courts reviewing vagueness challenges look to the notice

for vagueness doctrine ensures that laws give fair and adequate notice of proscribed conduct and protects against arbitrary enforcement." *State v. Farqui*, 344 S.W.3d 193, 200 (Mo. banc 2011) (quotation marks omitted). "The test in enforcing the doctrine is whether the language conveys to a person of ordinary intelligence a sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices." *Feldhaus v. State*, 311 S.W.3d 802, 806 (Mo. banc 2010). "[N]either absolute certainty nor impossible standards of specificity are required in determining whether terms are impermissibly vague." *Cocktail Fortune, Inc. v. Supervisor of Liquor Control*, 994 S.W.2d 955, 957 (Mo. banc 1999).

First, the circuit court declared the term "ballot measure" to be vague because the circuit court believed it was unclear when a proposal becomes a "ballot measure." Although section 115.646 does not define "ballot measure," section 130.011(2) provides a definition of "ballot measure" that, even though not strictly applicable to chapter 115, nevertheless comports with the common understanding of the phrase and refutes that it cannot be understood by a reasonable person. *See* § 130.011 (defining "ballot measures" as "any proposal submitted or intended to be submitted to qualified voters for their approval or rejection"). Whether a proposal is intended to be submitted to the voters will be clear in most circumstances, especially when the process for getting it on the ballot has

provided and the potential for arbitrary and discriminatory enforcement, courts reviewing First Amendment overbreadth challenges focus on whether the statute "is so overbroad as to include speech that is constitutionally protected." *State v. Moore*, 90 S.W.3d 64, 66 (Mo. banc 2002). As previously noted, the circuit court dismissed Plaintiffs' overbreadth challenge as moot. Even so, Plaintiffs' overbreadth challenge would be meritless because, as explained earlier, section

6

begun. But even if there are some circumstances in which the line between an idea and a proposal intended to be submitted to qualified voters is not clear, "speculation about possible vagueness in hypothetical situations not before the Court will not support a facial attack on a statute when it is surely valid in the vast majority of its intended applications." *Hill v. Colorado*, 530 U.S. 703, 733 (2000) (quotation marks omitted).

The circuit court also declared "public funds," and whether those funds were spent "directly" by the official, to be vague. In reaching this conclusion, the circuit court raised a variety of hypothetical situations that might pose a close call under the statute. But, as previously explained, speculation about hypothetical situations is insufficient to support a facial attack when language understandable to an ordinary person, such as "public funds" and "directly," conveys what section 115.646 prohibits in the vast majority of intended applications. The terms "public funds" and "directly" are of common understanding and provide a person of ordinary intelligence sufficient notice of the prohibited conduct.

Finally, the circuit court erred in declaring the words "advocate, support, or oppose" to be unconstitutionally vague. The words "advocate, support, or oppose" also are commonly understood by a person of ordinary intelligence. Each of these terms refers to result-oriented language, rather than mere discussion of issues.[6] While there

---

115.646 regulates the use of public funds and does not implicate the officials' constitutionally protected speech.

[6] Plainly, section 115.646 is intended to prohibit using public funds for what the United States Supreme Court called "express advocacy" in *Buckley v. Valeo*, 424 U.S. 1 (1976). The Supreme Court explained express advocacy consists of "express words of advocacy of election or defeat, such as 'vote for,' 'elect,' 'support,' 'cast your ballot for,' 'Smith for Congress,' 'vote against,' 'defeat,' or 'reject.'" *Id.* at 44 n.52. Given the scienter requirement in the newest version of section 115.646, it will be difficult to show intent to violate the statute absent the use of express

may be uncertainty in cases near the margin, complete specificity is not required.

*Cocktail Fortune*, 994 S.W.2d at 957.[7]

## Conclusion

For the reasons set forth above, this Court vacates the circuit court's judgment and remands the case for further proceedings.[8]

_____
Paul C. Wilson, Chief Justice

All concur.

---

advocacy or its functional equivalent, which the Supreme Court explained occurs when the communication "is susceptible of no reasonable interpretation other than as an appeal to vote for or against a specific candidate." *Fed. Election Comm'n v. Wisconsin Right to Life, Inc.*, 551 U.S. 449, 470 (2007).

[7] This is a declaratory judgment action, not an enforcement action. Had it been the latter, this Court likely would have been asked to infer a scienter requirement in section 115.646 such that a violation of the statute would not be subject to criminal sanctions unless the violation was purposeful. Such a scienter requirement removes any constitutional doubt caused by uncertainty as to the terms and their application in particular contexts. *See State v. Shaw*, 847 S.W.2d 768, 776 (Mo. banc 1993) (holding a scienter requirement "sufficiently cure[d] any uncertainty as to the meaning of the phrase 'unfair practices'"). And the decision whether to infer such a requirement in the original version would have been informed by the legislature's decision to make that requirement explicit in 2021. *See* § 115.646, RSMo Supp. 2021 ("Any ***purposeful*** violation of this section shall be punished as a class four election offense.") (emphasis added).

[8] Because the circuit court declared section 115.646 unconstitutional as discussed herein, it denied Plaintiffs' remaining claims. Given that the circuit court erred in declaring the statute unconstitutional and because this Court declines to address the merits of Plaintiffs' remaining claims in the first instance, the case is remanded for further proceedings not inconsistent with this opinion.

8