Larry K. SEXTON, Movant–Appellant,

v.

STATE of Missouri, Respondent–Respondent.

No. 23615.

Missouri Court of Appeals, Southern District, Division Two.

Jan. 26, 2001.

Irene C. Karns, Asst. Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stephanie Morrell, Asst. Atty. Gen., Jefferson City, for Respondent.

GARRISON, Judge.

Larry K. Sexton ("Movant") appeals from the denial of his Rule 24.035[1] motion following an evidentiary hearing. On appeal, Movant alleges that he was entitled to relief because his plea counsel was ineffective for failing to timely follow through on a plea offer from the prosecutor's office that would have resulted in Movant being sentenced to a shorter period of incarceration. We affirm.

■ Movant entered an *Alford*[2] plea of guilty to one count of first-degree assault, in violation of Section 565.050, on March 15, 1999. In exchange for his *Alford* plea, the State agreed to dismiss the second count of the Amended Information, a charge of unlawful use of a weapon, as well as a pending charge of tampering with a

---

1. All rule references are to Missouri Rules of Criminal Procedure (2000), and all statutory references are to RSMo 1994, unless otherwise indicated.

2. *See North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), which recognized that a defendant could choose to plead guilty, although not admitting actual guilt, when the record strongly supported a finding of guilt and the defendant believed that a plea bargain was in his best interest. In reviewing a motion for post-conviction relief filed pursuant to Rule 24.035, an *Alford* plea is not treated differently than a guilty plea. *Scroggins v. State,* 859 S.W.2d 704, 710 n. 2 (Mo.App. W.D.1993).

witness. The State also consented to a ten-year cap on the sentence.

At the sentencing hearing on May 11, 1999, plea counsel told the trial court that following the plea hearing, Movant had asked him to file a motion to withdraw the plea of guilty and that Movant later requested that plea counsel withdraw the motion to withdraw the plea. According to plea counsel, the motion to withdraw the plea was based on a change in Movant's opinion about the likelihood of conviction on the evidence. Plea counsel informed the trial court that prior to the hearing he had confirmed Movant's wish to proceed with sentencing. Before the trial court pronounced the sentence, plea counsel informed the court that there had been a plea agreement with the previous prosecutor for a four-year sentence on assault in the second degree, but that plea was not entered before the end of the prosecutor's term in office. The trial court sentenced Movant as a persistent offender to a term of ten years in the custody of the Department of Corrections on the count of assault in the first degree.

On August 23, 1999, Movant filed a timely *pro se* motion for post-conviction relief. On November 23, 1999, Movant filed an amended motion for post-conviction relief and requested an evidentiary hearing. The amended motion alleged that plea counsel was ineffective in failing to get a court date permitting Movant to plead guilty in accordance with his agreement with the former prosecutor. The motion court granted Movant an evidentiary hearing.

Movant did not appear at the January 25, 2000 hearing, but filed a sworn statement with the motion court. In that statement, Movant averred that he decided to accept the former prosecutor's offer on December 8th or 9th, ·1998, but that he "had expressed to [plea counsel] that maybe it might be better to take the 4 yr. plea the first time [he] talked to him in Nov. 1998."

Plea counsel testified at the hearing and acknowledged that the former prosecutor had made an offer of four years for second-degree assault, with the dismissal of the second count of unlawful use of a weapon. Plea counsel testified that Movant equivocated until the last week or ten days of December, and by that time, a response from the victim, which was required by law before the plea could be accepted, was unable to be obtained before the end of the prosecutor's term.

The motion court denied the motion, and entered its findings of fact and conclusions of law on March 14, 2000. The motion court found that plea counsel was not ineffective, and held that Movant's late acceptance of the four-year offer coupled with the prosecutor's inability to secure the victim's consent to the agreement before his term expired caused the delay that resulted in the offer expiring. Movant appeals.

Appellate review of the denial of a motion for post-conviction relief is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 24.035(k); *Leisure v. State,* 828 S.W.2d 872, 873–74 (Mo. banc 1992), *cert. denied,* 506 U.S. 923, 113 S.Ct. 343, 121 L.Ed.2d 259 (1992). A motion court's findings are clearly erroneous if, after review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made. *Leisure,* 828 S.W.2d at 874.

A criminal defendant seeking post-conviction relief based on ineffective assistance of counsel must demonstrate that his counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise under substantially similar circumstances and that he was thereby prejudiced. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984); *Milner v. State,* 968 S.W.2d 229, 230 (Mo. App. S.D.1998).

Because Movant's conviction resulted from a negotiated plea of guilty, a

claim of ineffective assistance of counsel is immaterial except to the extent that it infringes upon the voluntariness and knowledge with which the plea was made. *Wilkins v. State,* 802 S.W.2d 491, 497 (Mo. banc 1991), *cert. denied,* 502 U.S. 841, 112 S.Ct. 131, 116 L.Ed.2d 98 (1991); *Nimrod v. State,* 14 S.W.3d 103, 106 (Mo.App. W.D. 2000). As with any guilty plea, an *Alford* plea is valid if it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Alford,* 400 U.S. at 31, 91 S.Ct. at 164, 27 L.Ed.2d at 167 (1970). *See also Nimrod,* 14 S.W.3d at 106.

▪ In the instant case, based upon our review of the record, we cannot say that the motion court erred in denying Movant's motion for post-conviction relief because there is ample evidence in the record supporting the motion court's findings of fact and conclusions of law. During the plea hearing, Movant's plea counsel testified in relevant part:

Q. Did [Movant] accept that offer or express his acceptance to you?

A. Yes and no. One day he'd want to take it, and the next day he wouldn't. But ultimately, sometime during the last week in December [1998], I finally-Well, I explained to him the situation you've been asking about; that is, that we'd have a new prosecutor after the first of the year and that I didn't think this offer would stay on the table. And he said, "Well, let's go ahead and do it."

Q. And did you make an attempt to get [Movant] into court for his plea prior to [the prosecutor] leaving office?

A. I did.

Q. And could you explain what measures you took to try to do so?

A. Well, I came over here and went to the prosecutor's office and talked to [the prosecutor]—he was still willing to go ahead with the deal, although frankly he was reluctant. That was an offer that had been made not from [him] but from [an-

other prosecutor]. And he thought it was too lenient, but he said he would honor the agreement.

I don't remember the exact time frame where that was at the end of the year; but at that point in time, all of his assistants had left the office physically. . . .

He called in the victim's advocate— and I can't remember who it was now, some gal—and instructed her to try to get ahold of the victim to tell her what we were going to do. And she was either unwilling or didn't move fast enough to get ahold of the victim to notify her before the end of the term, which was not entirely unusual, because the victim had changed residences probably a half dozen times during the pendency of the action.

▪ Deference must be given to the motion court's superior opportunity to judge the credibility of the witnesses. *State v. Simmons,* 955 S.W.2d 729, 747 (Mo. banc 1997), *cert. denied,* 522 U.S. 1129, 118 S.Ct. 1081, 140 L.Ed.2d 138 (1998); *Peet v. State,* 22 S.W.3d 792, 796 (Mo.App. S.D.2000). Here, the motion court could have reasonably found plea counsel's testimony that Movant did not decide to accept the original plea until the last week of December 1998 to be more credible than Movant's statement that he decided to accept the plea in early December. Further, it could have reasonably believed that plea counsel's conduct was reasonable under the circumstances, given the short period of time plea counsel had to attempt to set up a plea hearing before the end of the outgoing prosecutor's term. Consequently, Movant's point must be denied.

The judgment of the motion court is affirmed.

PREWITT, J., and BARNEY, C.J., concur.