**STATE of Missouri, Plaintiff–
Respondent,**

v.

**Larry K. SEXTON, Defendant–
Appellant.**

**No. 24376.**

Missouri Court of Appeals,
Southern District,
Division One.

May 13, 2002.

Larry Sexton, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Dora A. Fichter, Asst. Atty. Gen., Jefferson City, for Respondent.

KENNETH W. SHRUM, Presiding Judge.

This case arises from Larry Sexton's ("Defendant's") effort, via Rule 29.07(d), to withdraw the guilty plea he entered in 1999 to a first-degree assault charge,

§ 565.050, RSMo (1994).[1] Defendant filed his Rule 29.07(d) motion in May 2001 after he was unsuccessful in getting post-conviction relief through a Rule 24.035 filing. The trial court denied Defendant's Rule 29.07(d) motion, and this appeal followed. In five points relied on, Defendant claims the court "clearly erred" in denying his requested relief. We disagree. We affirm the judgment.

## FACTS

On January 28, 1999, the State charged Defendant with one count of first-degree assault (§ 565.050, RSMo 1994) and one count of unlawful use of a weapon (§ 571.030.1(4), RSMo 1994). The information also alleged Defendant was a prior and persistent offender under §§ 558.016 and 557.036, RSMo (1994). The facts underlying the charges follow.

In August of 1998, Defendant assaulted Jennifer Nunn ("Victim") over a period of 24 hours. Victim was somehow able to "get away" and walked to a nearby hospital. Upon examination at the hospital, Victim was found to have a broken nose, a front tooth "knocked out," and severe bruising on her back and rib area. Apparently, Defendant was upset over money he believed Victim had stolen from him.

Defendant claimed both he and Victim had been drinking "for quite some time," and the two got into a "brawl" and Victim was injured. Defendant asserted he did not attempt to kill or seriously injure Victim as the information alleged. Additionally, he claimed "some" of the injuries resulted from Victim falling down steps before the argument and brawl started.

Defendant's attorney negotiated a plea agreement with the State in which Defendant would enter an *Alford* plea to the first-degree assault charge, and the state would dismiss the unlawful use of a weapon charge and a pending tampering with a witness charge.[2] Also pursuant to this plea agreement, Defendant was assured of a sentence not exceeding ten years.[3] After a hearing on March 15, 1999, the plea court found a factual basis for the charges alleged in the information, and found Defendant was knowingly and voluntarily pleading guilty. The court accepted the plea and ordered a presentence investigation. On May 11, 1999, the plea court sentenced Defendant to a term of ten years in the Department of Corrections.

Upon incarceration, Defendant timely filed both a *pro se* and amended motion for post-conviction relief pursuant to Rule 24.035 in which he alleged ineffective assistance of counsel for failing to timely accept a prior plea agreement. *See Sexton v. State,* 36 S.W.3d 782 (Mo.App.2001). An evidentiary hearing was held, and the motion was denied. Defendant appealed to this court, and we affirmed the motion court's judgment. *Id.* at 785.

On May 3, 2001, Defendant filed a motion in his criminal case to withdraw his guilty plea pursuant to Rule 29.07(d). In that motion, he sought relief based on the following: (1) There was no factual basis

---

1. All rule references are to Supreme Court Rules (2001), unless otherwise indicated. All statutory references are to RSMo (2000), unless otherwise indicated.

2. In *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), the United States Supreme Court recognized a defendant could choose to plead guilty, although not admit actual guilt, when the record strongly supported a finding of guilt and the defendant believed a plea bargain was in his or her best interest.

3. Defendant faced a potential prison sentence of 30 years on the assault charge and 10 years on the weapons charge if convicted of the charges contained in the amended information.

established pursuant to Rule 24.02 on which to accept the guilty plea, and (2) § 565.050 is unconstitutionally vague. On July 12, 2001, the motion was denied, and the instant appeal followed. In his *pro se* brief to this court, Defendant presents five points relied upon alleging various instances of trial court error. Due to the brief's lack of specificity, this court has found problems understanding Defendant's allegations. However, Defendant states he "basically makes two claims to support his motion to withdraw his guilty plea, which are [1] that [Defendant] is actually innocent and his confinement results in manifest injustice and [2] that § 565.050, RSMO, is void for its vagueness . . . ."

### DISCUSSION AND DECISION

Preliminarily, we note Defendant appeals *pro se*, and although fully entitled to do so, he is bound by the same rules of procedure as those admitted to practice law and will not be given more indulgence than persons represented by counsel. *Johnson v. St. Mary's Health Center*, 738 S.W.2d 534, 535[1] (Mo.App.1987). We need not describe the many deficiencies found within Defendant's brief that violate mandatory briefing requirements. Stated summarily, Defendant's brief falls palpably short of compliance with those rules. Even so, we choose to exercise our discretion to review pursuant to Rule 84.13(c).[4]

As noted earlier, Defendant has filed his motion to withdraw his guilty plea under Rule 29.07(d). In relevant part, the rule provides that "to correct manifest injustice

the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea." The Supreme Court of Missouri recently explained the limited scope of Rule 29.07(d) as a means of withdrawing a plea of guilty. *Brown v. State*, 66 S.W.3d 721 (Mo.banc 2002). Specifically, the court explained that relief via a Rule 29.07(d) motion is an option only when a defendant seeks to withdraw a plea of guilty "before sentence is imposed or when imposition of a sentence is suspended . . . and . . . after sentence but before remand to the [Department of Corrections], or . . . *on grounds other than those enumerated in Rule 24.035.*" *Id.* at 730–31[3] n. 5 (emphasis supplied).

◼ As best this court can understand them, Defendant's Points I, II, and IV assert he should have been allowed to withdraw his guilty plea because at the plea hearing there was no factual basis established upon which the plea court could have accepted his plea.[5] Defendant predicates these allegations on Rule 24.02(e) which mandates that a court "shall not enter a judgment upon a plea of guilty unless it determines that there is a factual basis for the plea." Specifically, he claims the facts established at the plea hearing did not show: (1) His intent to attempt to kill or cause serious physical injury to Victim; (2) the severity of Victim's injuries; and (3) "'when, where, and how' the injuries suffered by [Victim] were attributable to acts of the [Defendant]."

---

4. Rule 84.13(c) provides: "Plain errors affecting substantial rights may be considered on appeal, in the discretion of the court, though not raised or preserved, when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." Rule 29.07(d) is identical to its predecessor, Rule 27.25. *See* Rule 29.07, Committee Note (1980). Motions filed pursuant to that rule were governed by the rules of civil procedure. *State v. Davis*, 438 S.W.2d 232, 234 (Mo.1969).

5. Throughout Defendant's brief, he claims he is "actually innocent" of the crime of first-degree assault. The *Brown* court clarified that these types of claims are properly cognizable under a petition for habeas corpus and not Rule 29.07(d). *Id.* at 730.

Missouri courts have consistently recognized that allegations that a factual basis was not established under Rule 24.02 are cognizable in motions brought pursuant to Rule 24.035. *See Wilson v. State,* 813 S.W.2d 833, 842 (Mo.banc 1991); *Ross v. State,* 48 S.W.3d 667, 671 (Mo.App.2001); *Wright–El v. State,* 8 S.W.3d 228, 229 (Mo. App.1999); *Goings v. State,* 1 S.W.3d 600, 601 (Mo.App.1999); *Saffold v. State,* 982 S.W.2d 749, 753 (Mo.App.1998). This is only logical because Rule 24.02 is a procedural rule established by the supreme court. *See Griffin v. State,* 684 S.W.2d 425, 427–28 (Mo.App.1984). As such, the rule has the full force and effect of law, subject only to limitations imposed by federal law and the Missouri constitution. *State v. Reese,* 920 S.W.2d 94, 95[4] (Mo. banc 1996).[6]

■ Rule 24.035(a) *mandates* that a person who has pleaded guilty to a felony and then claims his or her conviction or sentence violates the "laws of this state," must present such a claim in a timely filed Rule 24.035 motion. *State v. Ralston,* 41 S.W.3d 620, 622–23 (Mo.App.2001). Failure by a movant to include such a claim in his Rule 24.035 motion acts as a complete waiver of that claim.[7] Rule 24.035(b). "[A] defendant may not bypass the time limits of Rule 24.035 simply by asserting a Rule 24.035 claim under Rule 29.07." *Ralston,* 41 S.W.3d at 622–23. "To hold otherwise would emasculate Rule 24.035 and constitute Rule 29.07(d) an escape hatch through which any claim procedurally barred by Rule 24.035 could scurry into the trial courts." *State v. Ryan,* 813 S.W.2d 898, 902 (Mo.App.1991). In a similar vein, the *Brown* court declared: "[T]o reinstate Rule 29.07(d) as a necessary means of raising claims time-barred under Rule 24.035 would serve no useful purpose." 66 S.W.3d at 730.

■ Here, Defendant had filed a Rule 24.035 motion but did not include therein an allegation of noncompliance with Rule 24.02, i.e., accepting a plea without the existence of a factual basis. *See Sexton,* 36 S.W.3d at 783 (wherein Defendant alleged only ineffective assistance of counsel). Therefore, Defendant has waived any claim that he should have been allowed to withdraw his plea of guilty based on an allegedly insufficient factual basis to accept the plea under Rule 24.02. This court holds these claims must be presented in a Rule 24.035 motion subject only to the limitations enunciated in *Brown.*[8] Points I, II and IV are denied.

---

6. Since Rule 24.035 provides the "exclusive procedure" whereby persons who have pleaded guilty to a felony may obtain relief for their claims that the "conviction or sentence imposed violates the . . . laws of this state[,]" it follows that any post-incarceration attempt to set aside a plea of guilty based upon a violation of Rule 24.02 must ordinarily be raised in a Rule 24.035 motion.

7. There are limited exceptions which are delineated by the *Brown* court, but are not applicable here. Moreover, these exceptions mandate the claims be brought forth in a petition for habeas corpus.

8. Even assuming the claims were not time-barred, the record clearly shows a sufficient factual basis was established at the plea hearing. Defendant admitted to assaulting Victim by striking her with his hand. The injuries were a broken nose, a front tooth that was knocked out, and severe bruising in her back and rib area. The amended information also alleged Defendant attempted to strike Victim with a knife. Defendant asserted he did not intend to kill or seriously injure Victim, but admitted there was evidence sufficient to convict him of that crime, i.e., first-degree assault. The record establishes that both the plea court and Defendant's counsel extensively questioned Defendant to ensure he understood the charges of the offenses, the penalties, and the specific legal rights Defendant would be foregoing by pleading guilty. The factual basis to which Defendant pleaded guilty included all the essential elements of

In Point III, Defendant alleges he should have been allowed to withdraw his guilty plea because the plea court's acceptance "violated [Defendant's] due process rights in that § 565.050, RSMO, speaks with such uncertainty that it permits the arbitrary and discriminatory enforcement of the charge of first degree assault and resulted in the conviction of [Defendant], who is actually innocent." The argument in support of this point is sixteen lines. The "argument" is nonsensical, incoherent, and frivolous. If Defendant is attempting to raise a constitutional challenge to the statute, he cannot do so more than four years after pleading guilty.

The general rule in Missouri is that a guilty plea waives all nonjurisdictional defects, including statutory and constitutional guaranties. *Bruce v. State*, 998 S.W.2d 91, 93–94 (Mo.App.1999). The failure to challenge the constitutionality of a statute at the earliest opportunity waives the issue. *State ex rel. York v. Daugherty*, 969 S.W.2d 223, 224–25[3] (Mo.banc 1998). The proper time to raise such issues must be done on motion before trial. *State v. Turner*, 48 S.W.3d 693, 696–97 (Mo.App. 2001); Rule 24.04. If Defendant wanted to challenge the constitutionality of this statute, he must have done so before pleading guilty. Moreover, the statute has passed constitutional muster under similar challenges. *State v. Moore*, 882 S.W.2d 253, 261 (Mo.App.1994). Point III is denied.

In Defendant's fifth and final point on appeal, he asserts the trial court should have *sua sponte* issued a writ of habeas corpus pursuant to § 532.070.[9] Apparently, Defendant is attempting to impose a duty upon the motion court *if* it decided his claims were procedurally barred, i.e., if Defendant filed the wrong cause of action. This point and argument are indecipherable.

We note the following to attempt to address Defendant's concerns. Section 532.070 provides that a court may issue a writ where a defendant is illegally confined "within the jurisdiction" of that same court. This language also tracks Rule 91.02(a), which states that habeas corpus proceedings must be brought in the court having jurisdiction over the place of confinement. Defendant claims his writ should have been issued by Judge Killebrew, whose jurisdiction is within Newton County. However, Defendant is confined in Algoa Correctional Center, which is located in Cole County. Thus, Judge Killebrew would not have authority to issue a writ freeing Defendant because Newton County is not the county of Defendant's confinement. *See State v. McKee*, 39 S.W.3d 565, 570[9] (Mo.App.2001); *Reynolds v. State*, 939 S.W.2d 451, 455[5] (Mo. App.1996). Moreover, it does not appear Defendant has made any allegation sufficient to invoke habeas relief. *See Brown*, 66 S.W.3d at 732. Point V is denied.

The judgment denying Defendant's Rule 29.07(d) motion is affirmed.

MONTGOMERY, J., and BARNEY, C.J., concur.

---

first-degree assault and was sufficient pursuant to Rule 24.02.

9. In pertinent part, the statute provides: "Whenever any court of record ... shall have evidence ... that any person is illegally confined or restrained of his liberty, within the jurisdiction of said court or judge, it shall be the duty of the court or judge to issue a writ of habeas corpus for his relief, although no application or petition be presented for such writ."