**David MOORE, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. SD 29508.**

Missouri Court of Appeals,
Southern District,
Division One.

June 29, 2009.

---

Timothy Forneris, Columbia, for Appellant.

Chris Koster, Atty. Gen., Richard A. Starnes, Jefferson City, for Respondent.

DANIEL E. SCOTT, Presiding Judge.

David Moore ("Movant") was charged with driving while intoxicated as a chronic offender, a class B felony under § 577.023.1(2).[1] He negotiated a deal for the five-year minimum on that charge, pleaded guilty, and was imprisoned. He unsuccessfully challenged his conviction under Rule 24.035, and now appeals. Our review is limited to whether the motion court's findings and conclusions are clearly erroneous, which means the record as a whole must firmly and definitely persuade us that a mistake was made. *Berry v. State*, 214 S.W.3d 413, 415 (Mo.App.2007).

**Point I—Failure to Prove
Four Prior DWIs**

■ Movant claims his sentence exceeded the lawful range of punishment because the State provided insufficient evidence that he was a chronic offender. He cites these facts summarized by the State and admitted by Movant at the plea hearing:

[PROSECUTOR]: Yes, Your Honor. On August 18th of 2007, Dunklin County, the Defendant operated a motor vehicle on Highway J west of Malden while under the influence of alcohol.

He is a chronic alcohol related traffic offender in that previously on January 15, 2004 he was convicted of DWI and was represented by counsel; on March 24, 1993 Defendant was convicted of vehicular assault in the second degree in the Circuit Court [of] this court and Defendant was represented by counsel; on March 13th, 1996, he was convicted of driving while intoxicated in Audrain County Circuit Court, at which time he was represented by counsel.

[THE COURT]: Are the things the Prosecutor just said correct, Mr. Moore?

[MOVANT]: Best of my knowledge, Your Honor, yes.

Movant complains that the prosecutor merely recited three guilty plea dates without documentary support or factual detail, and "failed to prove four prior DWI convictions."

A person with four prior DWIs is a chronic offender. § 577.023.1(2)(a). So is a person with prior convictions for § 565.060.1(4) second-degree assault (*i.e.*, a criminally-negligent DWI causing injury to another) and two other intoxication-related offenses. *See* § 577.023.1(2)(c). Movant was this type of chronic offender, and it was these convictions that the State summarized and Movant admitted at the plea hearing. The State did not need a fourth DWI.

The record plainly shows that Movant and his counsel agreed he was a chronic offender and forwent such proof, as § 577.023.11 allows, in view of his favor-

---

1. Statutory citations are to RSMo (2005 supp.); rule references are to Missouri Court    Rules (2008).

able plea bargain. He got what he was promised in the process—the minimum sentence on the charge. His plea thus waived any need to better prove his convictions, and all other non-jurisdictional issues. *See Berry*, 214 S.W.3d at 415; *State v. Sexton*, 75 S.W.3d 304, 309 (Mo.App. 2002). Point I fails.

### Point II—Constitutionality

■ Movant also claims § 577.023.1 is unconstitutional; specifically that "or more" language in subsections (1)(a), (2)(a), and (4)(a) could be arbitrarily applied and thus is void for vagueness. We need not further describe Movant's complaint because he lacks standing to assert it.

> A person does not have standing to challenge the constitutionality of a statute simply because [the statute] may be subject to the charge of invalidity. Standing is a prerequisite to such a challenge. In order to acquire standing, a litigant must be adversely affected by the statute he challenges. (internal citations and quotation marks omitted).

*State v. Stottlemyre*, 35 S.W.3d 854, 861 (Mo.App.2001). Movant can challenge § 577.023.1 only if the provisions that he criticizes " '[have] application to the facts of his case' and, thus, 'adversely affected' " him. *Id.* That is not this case. As shown in Point I, Movant was a chronic offender under subsection (2)(c). Subsections (1)(a), (2)(a), and (4)(a)—the subjects of Point II's argument—were not part of his case.

■ In addition, and extending our Point I observation,

> The general rule in Missouri is that a guilty plea waives all nonjurisdictional defects, including statutory and constitutional guaranties. The failure to chal-

lenge the constitutionality of a statute at the earliest opportunity waives the issue.... If Defendant wanted to challenge the constitutionality of this statute, he must have done so before pleading guilty. (internal citations omitted).

*Sexton*, 75 S.W.3d at 309. Notwithstanding dicta in *Dorsey v. State*, 115 S.W.3d 842, 844 n. 2 (Mo. banc 2003), the instant claim is not jurisdictional[2] and Movant's guilty plea waived it. We deny Point II and Movant's motion, taken with the case, to transfer this constitutional issue to the Missouri Supreme Court for decision. *Stottlemyre*, 35 S.W.3d at 861. The judgment is affirmed.

BARNEY and BATES, JJ., concur.

---

**2.** *See J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249 (Mo. banc 2009)(indicating that prior cases describing mere error as "jurisdictional" no longer should be followed).