**Damon FELDHAUS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. SC 90585.**

Supreme Court of Missouri,
En Banc.

April 20, 2010.

---

Gwenda R. Robinson, Public Defender's Office, St. Louis, for appellant.

Robert J. Bartholomew, Shaun J. Mackelprang, Attorney General's Office, Jefferson City, for respondent.

ZEL M. FISCHER, Judge.

### Introduction

Damon Feldhaus challenges the validity of § 577.023, RSMo Supp.2008.[1] Feldhaus asserts that the statute violates the void for vagueness doctrine, and, therefore, he was denied due process of law. This Court has exclusive appellate jurisdiction over cases involving the validity of a statute. Mo. Const. art. V, § 3.

### Facts

Damon Feldhaus was stopped June 10, 2007, for driving while intoxicated. Feldhaus was stopped again November 27, 2007, for driving under the influence of marijuana. The State charged Feldhaus with one count of the class B felony of driving while intoxicated for the June 10 incident and with one count of the class B felony of driving under the influence of a drug or drugs for the November 27 incident. In each case, the State charged Feldhaus as a chronic offender because he had previously pleaded guilty in circuit court to four or more intoxication-related traffic offenses. Feldhaus pleaded guilty to both counts pursuant to an agreement with the State in which the State agreed to recommend two concurrent terms of eight years imprisonment in accord with the plea agreement.

The trial court found that there was a factual basis to support Feldhaus' guilty pleas, found that the pleas were knowingly and voluntarily given, accepted the pleas, and found Feldhaus guilty beyond a reasonable doubt. The court further found that Feldhaus was a chronic offender under §§ 558.011, 560.011, RSMo 2000, and 577.023 by having pleaded guilty to or been found guilty of four intoxication-related traffic offenses. The court sentenced

---

1. All citations are to RSMo Supp.2008 unless otherwise indicated.

Feldhaus to two concurrent terms of eight years imprisonment.

On October 31, 2008, Feldhaus timely filed a *pro se* motion for post-conviction relief pursuant to Rule 24.035. An amended motion was filed February 9, 2009, in which Feldhaus alleged that he was denied due process of law because § 577.023, which defines "aggravated offender," "chronic offender" and "persistent offender," violated the void for vagueness doctrine. During his guilty plea and sentencing hearings, Feldhaus did not raise any constitutional claims.

On April 10, 2009, the motion court overruled Feldhaus' amended motion for post-conviction relief without an evidentiary hearing and issued findings of fact and conclusions of law as required by Rule 24.035(j). The motion court found that the facts were not in dispute and that the sole issue was whether, as a matter of law, Feldhaus was denied due process because § 577.023 was void for vagueness. The motion court concluded that § 577.023 was not void for vagueness. Feldhaus appeals.

## Standard of Review

The review of the overruling of a Rule 24.035 motion is limited to determining whether the trial court's findings and conclusions are clearly erroneous. Rule 24.035. Additionally, "[t]he general rule in Missouri is that a guilty plea waives all nonjurisdictional defects, including statutory and constitutional guaranties. The failure to challenge the constitutionality of a statute at the earliest opportunity waives the issue." *State v. Sexton,* 75 S.W.3d 304, 309 (Mo.App.2002) (internal citations omitted).

## Analysis

The State argues that this Court should decline to review Feldhaus' due process claim because it is a nonjurisdictional claim that Feldhaus failed to raise at the earliest opportunity and it was waived by his guilty pleas.

The general rule in Missouri is that a guilty plea waives all nonjurisdictional defects, including statutory and constitutional guaranties. The failure to challenge the constitutionality of a statute at the earliest opportunity waives the issue. The proper time to raise such issues must be done on motion before trial. If Defendant wanted to challenge the constitutionality of this statute, he must have done so before pleading guilty.

*Sexton,* 75 S.W.3d at 309 (internal citations omitted); *Moore v. State,* 288 S.W.3d 810, 812 (Mo.App.2009) (internal citations omitted).

In *Sexton,* the court held that the movant who pleaded guilty to first degree assault had waived his constitutional due process claim that § 565.050, RSMo 1994, permitted arbitrary and discriminatory enforcement of the charge of first degree assault because it was not raised until his 24.035 motion. 75 S.W.3d at 309.

In *Moore,* the court held that the movant who alleged that the "or more" language of § 577.023.1 was unconstitutional because it could be arbitrarily applied and, therefore, was void for vagueness had waived this claim by pleading guilty. 288 S.W.3d at 812. The court addressed the issue of whether a constitutional claim based on due process and the void for vagueness doctrine constituted a jurisdictional defect and determined that, "[n]otwithstanding dicta in *Dorsey v. State,* 115 S.W.3d 842, 844 n. 2 (Mo. banc 2003), the instant claim is not jurisdictional." *Id.* at 812.[2] This Court agrees that a claim of

**2.** As discussed below, the dicta in *Dorsey* cites to *Hagan v. State,* 836 S.W.2d 459, (Mo. banc

unconstitutional vagueness is not jurisdictional. *See J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249 (Mo. banc 2009) (indicating that prior cases describing mere error as "jurisdictional" no longer should be followed).

■ "The general rule in Missouri is 'that a plea of guilty voluntarily and understandably made waives all non-jurisdictional defects and defenses.'" *Hagan v. State*, 836 S.W.2d 459, 461 (Mo. banc 1992) (quoting *State v. Cody*, 525 S.W.2d 333, 335 (Mo. banc 1975)), *both cases overruled on other grounds by State v. Heslop*, 842 S.W.2d 72 (Mo. banc 1992); *see also United States v. Broce*, 488 U.S. 563, 569, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989) ("[T]he inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary."). "An exception to this general rule of waiver, however, exists where it can be determined *on the face of the record* that the court had no power to enter the conviction or impose the sentence." *Hagan*, 836 S.W.2d at 461 (citing *Broce*, 488 U.S. at 569, 109 S.Ct. 757).

The cases in which this Court has recognized the exception to the general rule of waiver deal with double jeopardy, which is somewhat of an anomaly. *See State v. Neher*, 213 S.W.3d 44, 48 (Mo. banc 2007); *State ex rel. Green v. Moore*, 131 S.W.3d 803, 805 (Mo. banc 2004); *Hagan*, 836 S.W.2d at 461; *Cody*, 525 S.W.2d at 335. Feldhaus relies on double jeopardy cases to support his argument that all constitutional claims are jurisdictional and, therefore, cannot be waived. His reliance on

such cases is misplaced. Except for certain double jeopardy claims not relevant to this case, constitutional claims raised after a plea of guilty are nonjurisdictional.[3]

Feldhaus did not raise the claim of void for vagueness until his motion for post-conviction relief. Because the issue was not raised at the earliest opportunity and prior to his plea of guilty, it was waived.

■ Even if Feldhaus had preserved his constitutional challenge, his argument fails because § 577.023 is not unconstitutionally vague. Feldhaus contends that § 577.023 is unconstitutional in that it violates the void for vagueness doctrine because it provides insufficient guidance and standards and, consequently, permits arbitrary and discriminatory application. Specifically, Feldhaus argues that the "or more" language in subdivisions (1)(a), (2)(a) and (4)(a) of § 577.023.1 encourages discriminatory or selective enforcement on unjustifiable bases such as race, sex, wealth or other arbitrary classifications.

Section 577.023.1 states in pertinent part:

(1) An **"aggravated offender"** is a person who:

(a) Has pleaded guilty to or has been found guilty of three or more intoxication-related traffic offenses;

. . .

(2) A **"chronic offender"** is:

(a) A person who has pleaded guilty to or has been found guilty of four or

---

1992), *overruled on other grounds by State v. Heslop*, 842 S.W.2d 72 (Mo. banc 1992), which was a claim based on the double jeopardy clause of the Fifth Amendment, which is a unique exception to the general rule of waiver.

**3.** Even double jeopardy claims may be waived in some instances. The Supreme Court in *Broce* noted, "We do not hold that a double jeopardy claim may never be waived. We simply hold that a plea of guilty to a charge does not waive a claim that—*judged on its face*—the charge is one which the State may not constitutionally prosecute." 488 U.S. at 575, 109 S.Ct. 757 (citing *Menna v. New York*, 423 U.S. 61, 63 n. 2, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975)).

more intoxication-related traffic offenses;

. . .

(4) A **"persistent offender"** is one of the following:

(a) A person who has pleaded guilty to or has been found guilty of two or more intoxication-related traffic offenses;

 "The void for vagueness doctrine ensures that laws give fair and adequate notice of proscribed conduct and protects against arbitrary and discriminatory enforcement." *State ex rel. Nixon v. Peterson*, 253 S.W.3d 77, 81 (Mo. banc 2008) (quoting *Cocktail Fortune, Inc. v. Supervisor of Liquor Control*, 994 S.W.2d 955, 957 (Mo. banc 1999)). "The test in enforcing the doctrine is whether the language conveys to a person of ordinary intelligence a sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices." *Id.*

The statute clearly defines a "chronic offender" and sets forth explicit standards necessary for the application of the enhanced penalty of a class B felony. The words "or more" are of common understanding that speak for themselves and provide a person of ordinary intelligence with sufficient notice of the prohibited conduct and the enhanced penalty. Section 577.023 does not leave a person of ordinary intelligence to guess at its meaning. Under § 577.023, it is clear that a person who has four or more intoxication-related offenses may be convicted of a class B felony.

Moreover, the statute is not vague when applied to the facts of this case. In reviewing vagueness challenges, the language is evaluated by applying it to the facts at hand. *State v. Brown*, 140 S.W.3d 51, 55 (Mo. banc 2004) (citing *Cocktail Fortune*, 994 S.W.2d at 958). Further,

"it is inappropriate to project the challenge to factual situations not presented here in which the language used, as applied, might indeed be vague and confusing." *Id.*

Under the facts at hand, the State used Feldhaus' four prior convictions to enhance his penalty up to that of a class B felony. Section 577.023.5. Feldhaus was given ample notice by the clear language of § 577.023 that having four or more intoxication-related offenses was proscribed conduct subjecting him to this enhanced penalty. Feldhaus does not plead any facts indicating that the State actually applied the statute in an arbitrary or discriminatory manner.

### Conclusion

For the foregoing reasons, the judgment is affirmed.

All concur.