Ricky Cheyenne ROSS, Appellant,

v.

STATE of Missouri, Respondent.

No. SC 90807.

Supreme Court of Missouri,
En Banc.

April 26, 2011.

Craig A. Johnston, Public Defender's Office, Columbia, for Ross.

Daniel N. McPherson, Attorney General's Office, Jefferson City, for the State.

PATRICIA BRECKENRIDGE, Judge.

Ricky C. Ross filed a Rule 24.035 motion challenging the constitutional validity of Missouri's second-degree statutory rape statute, section 566.034,[1] under which he was convicted and sentenced. Because Mr. Ross failed to challenge the validity of the statute before pleading guilty to second-degree statutory rape, he waived his constitutional claim. Accordingly, the judgment of the motion court overruling his motion for post-conviction relief is affirmed.

### Factual and Procedural Background

Mr. Ross was charged by information as a prior and persistent offender with one count of second-degree statutory rape, section 566.034. On the day his case was set for trial, Mr. Ross appeared in court and announced that he wished to plead guilty to spare the victim and her family from having to go through trial. During his plea, Mr. Ross admitted that when he was 33 years old he had sexual intercourse with the victim, knowing she was 16 years

---

1. Unless otherwise noted, all statutory references are to RSMo 2000.

of age. He also admitted that he previously pleaded guilty in 1999 to second-degree assault and in 1998 to second-degree statutory rape. The trial court accepted Mr. Ross' guilty plea, finding it was made freely, voluntarily, and intelligently and that there was a factual basis to support it. The court further found a factual basis to support sentencing Mr. Ross as a prior and persistent offender because he previously pleaded guilty to two felonies. The court sentenced Mr. Ross to 10 years imprisonment in the department of corrections.

Thereafter, Mr. Ross sought post-conviction relief pursuant to Rule 24.035.[2] In his amended Rule 24.035. motion, Mr. Ross claimed, *inter alia,* that section 566.034, the second-degree statutory rape statute under which he was convicted, was unconstitutional because it was adopted in violation of article III, section 23 of the Missouri Constitution, which prohibits bills from containing multiple subjects.[3] After an evidentiary hearing, the motion court overruled Mr. Ross' motion on March 1, 2010. Mr. Ross appeals.

In his sole point on appeal, Mr. Ross argues the motion court erred in denying his claim that section 566.034 was unconstitutional because S.B. 693 violated the single subject provision of article III, section 23 of the Missouri Constitution. Specifically, Mr. Ross states that the version of section 566.034 under which he was convicted was passed by the General Assembly in 1994 as part of S.B. 693. He claims that S.B. 693 violated the single subject provision of the constitution because the subject of the bill was sexual offenses, yet the bill enacted multiple statutory provisions that did not relate to sexual offenses. He further claims the statutory provisions

unrelated to sexual offenses enacted by S.B. 693 cannot be severed from the bill and, therefore, all of the provisions enacted by the bill are invalid.

Because Mr. Ross' appeal challenges the validity of section 566.034, this Court has exclusive appellate jurisdiction. Mo. Const. art. V, sec. 3. Although the Court does not reach Mr. Ross' constitutional claim, it retains exclusive appellate jurisdiction. *See Williams v. Kimes,* 949 S.W.2d 899, 899 (Mo. banc 1997).

### Standard of Review

This Court reviews the motion court's denial of post-conviction relief under Rule 24.035 to determine if the court's findings of fact and conclusions of law are "clearly erroneous." *Roberts v. State,* 276 S.W.3d 833, 835 (Mo. banc 2009). The motion court's findings and conclusions are clearly erroneous only if, after reviewing the entire record, the Court is left with a definite and firm impression that a mistake was made. *Id.*

Challenges to the constitutional validity of a statute are waived if not raised at the first opportunity. *Feldhaus v. State,* 311 S.W.3d 802, 804 (Mo. banc 2010); *see also State v. Cella,* 32 S.W.3d 114, 117 (Mo. banc 2000). This Court avoids deciding a constitutional question if the case can be fully resolved without reaching it. *Winfrey v. State,* 242 S.W.3d 723, 725 n. 2 (Mo. banc 2008).

### Discussion

The Court need not reach the merits of Mr. Ross' challenge to the validity of section 566.034 because he waived that claim by failing to raise it before pleading

---

2. Mr. Ross' *pro se* motion was filed December 22, 2008, and his counsel filed the amended motion April 27, 2009. An evidentiary hearing was held December 22, 2009.

3. The other claims raised in Mr. Ross' amended Rule 24.035 motion are not at issue in this appeal.

guilty to second-degree statutory rape. In *Feldhaus v. State,* this Court recently held that a criminal defendant waives his right to challenge the constitutional validity of a statute under which he is sentenced by failing to raise the challenge before pleading guilty. 311 S.W.3d at 805. The Court stated that generally a guilty plea " 'voluntarily and understandably made waives all non-jurisdictional defects and defenses,' " which includes claims that a statute is unconstitutional. *Id.* (internal citations omitted). The Court noted that exceptions to the waiver rule, not relevant to that case, exist when " 'it can be determined on *the face of the record* that the court had no power to enter the conviction,' " such as double jeopardy claims. *Id.* (emphasis in original).

In *Feldhaus,* the defendant was charged as a chronic offender with one count of driving while intoxicated and one count of driving under the influence. *Id.* at 803. The defendant pleaded guilty to both counts and was sentenced as a chronic offender. *Id.* at 803–04. Thereafter, the defendant filed a Rule 24.035 motion claiming the chronic offender statute was unconstitutional under the void-for-vagueness doctrine. *Id.* at 804. The Court held the defendant waived his constitutional claim by raising it for the first time in his post-conviction relief motion. *Id.* at 805. The Court found that the defendant was required to raise his claim at the earliest opportunity and prior to pleading guilty. *Id.*

In the present case, Mr. Ross did not challenge the validity of section 566.034 until after he pleaded guilty. He raised his constitutional claim for the first time in his amended Rule 24.035 motion. Because the issue was not raised at the earliest possible opportunity, Mr. Ross waived his constitutional claim. *Id.* Accordingly, the Court will not address the merits of Mr. Ross' challenge to the validity of section 566.034.

## Conclusion

Because Mr. Ross failed to challenge the validity of section 566.034 before pleading guilty, he waived his constitutional claim. The motion court did not clearly err in overruling his motion for post-conviction relief. Accordingly, the judgment of the motion court is affirmed.

All concur.