

# In the Missouri Court of Appeals
## Eastern District
### DIVISION FOUR

| | | |
|---|---|---|
| FREDRICK A. BARNES, | ) | No. ED103895 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | the City of St. Louis, Missouri |
| vs. | ) | 1322-CC08864 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Thomas J. Frawley |
| | ) | |
| Respondent. | ) | Filed: December 27, 2016 |

**OPINION**

Fredrick A. Barnes was convicted of first-degree murder and twelve other counts arising

out of a night of horrific events that occurred on Brantner Place in the City of St. Louis on

September 28, 2007. Barnes forced a female victim to perform oral sex, raped her in front of her

two-year-old child, killed her boyfriend, and set fire to the victims' apartment. Because the State

did not waive the death penalty for the first-degree murder charge, Barnes was tried separately

on that count.[1] A jury convicted Barnes of first-degree murder, and Barnes was sentenced to life

imprisonment without the possibility of probation or parole. Barnes's murder conviction was

affirmed on appeal. See *State v. Barnes*, 384 S.W.3d 298 (Mo.App.E.D. 2012).

Following Barnes's first-degree murder trial, Barnes waived his right to a jury trial on the

remaining twelve charges and agreed to have those charges submitted to the court in a bench trial

based upon the trial transcript from the murder trial. The waiver was made pursuant to an

---

[1] See § 565.004 RSMo 2000.

agreement with the State that Barnes's sentences would not exceed twenty-five years and any sentence would be ordered to run consecutively to the life sentence he received for the first-degree murder conviction.

The trial court found Barnes guilty on all twelve charges, including first-degree assault, forcible rape, forcible sodomy, first-degree robbery, first-degree arson, first-degree endangering the welfare of a child, third-degree assault, and five counts of armed criminal action. Consistent with the agreement described above, the court issued numerous sentences for the twelve convictions but ordered those sentences to run concurrently to each other such that the maximum sentence Barnes received was twenty-five years which the court ordered to run consecutively to his life sentence for the first-degree murder charge. Barnes's convictions were affirmed on direct appeal. See *State v. Barnes*, 395 S.W.3d 43 (Mo.App.E.D. 2013).

Barnes now appeals the denial without an evidentiary hearing of his Rule 29.15[2] motion for post-conviction relief. In his sole point on appeal, Barnes claims he received ineffective assistance of counsel because his trial attorneys pressured him and improperly induced him into waiving his right to a jury trial on the twelve charges he agreed to have tried by the court using the trial transcript from the first-degree murder jury trial. Finding no clear error, we affirm.

**Standard of Review**

Appellate review of the denial of a Rule 29.15 motion is limited to a determination of whether the motion court's findings, conclusions, and judgment are clearly erroneous. *Anderson v. State,* 196 S.W.3d 28, 33 (Mo.banc 2006). Findings and conclusions are clearly erroneous if

---

[2] All references to rules are to the Missouri Supreme Court Rules (2016) unless otherwise indicated.

after a review of the entire record we are left with the definite and firm impression that a mistake has been made. *Id.* We presume that the motion court's findings are correct. *Id.*

## Discussion

### A. The motion court did not clearly err in denying without an evidentiary hearing Barnes's claim of ineffective assistance of trial counsel.

Barnes argues that he received ineffective assistance of counsel because his trial attorneys pressured him and improperly induced him into waiving his right to a jury trial and into agreeing to have the remaining charges in the case submitted to the trial court for a bench trial based on the trial transcript from Barnes's first-degree murder trial. Barnes contends that he was persuaded to waive his right to a jury trial because the trial court agreed to sentence him to no more than twenty-five years to run concurrently with his life sentence, but argues that the court did not comply with the agreement and instead sentenced him to twenty-five years and ordered that sentence to run consecutively to, and not concurrently with, his life sentence. The motion court denied Barnes's amended motion without an evidentiary hearing. Finding no clear error, we affirm.

An evidentiary hearing is not required with every Rule 29.15 motion. See Rule 29.15(h). "To be entitled to an evidentiary hearing, a movant must: (1) allege facts, not conclusions, that, if true, would warrant relief; (2) these facts must raise matters not refuted by the record and files in the case; and (3) the matters complained of must have resulted in prejudice to the movant." *Barnett v. State*, 103 S.W.3d 765, 769 (Mo.banc 2003) (citing *State v. Brooks*, 960 S.W.2d 479, 497 (Mo.banc 1997)).

To prove ineffective assistance of trial counsel, the movant must satisfy the following two-prong test from *Strickland v. Washington*, 466 U.S. 668, 687 (1984): 1) that counsel's performance did not conform to the degree of skill and diligence of a reasonably competent attorney; and 2)

3

that as a result thereof, the movant was prejudiced. *Zink v. State*, 278 S.W.3d 170, 175 (Mo.banc 2009). The movant must overcome a strong presumption that counsel's performance was reasonable and effective to meet the first prong. *Id.* at 176. To satisfy the second prong, the movant must show that there was a reasonable probability that, but for counsel's alleged errors, the outcome would have been different. *Id.* If either the performance or the prejudice prong is not met, then we need not consider the other and the claim of ineffective assistance must fail. *State v. Simmons*, 955 S.W.2d 729, 746 (Mo.banc 1997).

Here, we find that Barnes has failed to meet both prongs of the *Strickland* test. As to the performance prong, the record refutes that Barnes was improperly pressured and induced into waiving his right to a jury trial. Barnes filed a written waiver of his right to a jury trial signed by him, his attorney, and the attorney for the State in which he specifically stated that it was his desire, after consulting with his attorneys, to have the remaining untried counts tried to the court without a jury using the trial transcript from the first-degree murder trial. Barnes acknowledged that he had a right to a jury trial unless he waived that right, and stated that it was his understanding that in exchange for the waiver, the State and the court would agree, that if the court found Barnes guilty of any or all remaining pending counts, the sentence imposed would not exceed twenty-five years and would run consecutive to the life sentence previously imposed.

When this written waiver was presented in open court with Barnes present, Barnes's attorney asked the court to accept and approve Barnes's waiver. The court accepted, signed, and approved Barnes's waiver of his right to a jury trial.

In addition, after finding Barnes guilty of all remaining charges and sentencing him, the court advised Barnes regarding his rights under Rule 29.15 and asked him about the effectiveness of his attorney. Barnes admitted that he and his attorney discussed how the matter would proceed,

4

that nothing happened during the proceedings that was different than what his attorney told him would happen, that his attorney explained to him that he had the right to a jury trial, had the right to waive a jury trial, and that there was not anything his attorney had not done that he thought she should have done for him. Barnes testified that his attorney did not make any threats or promises to him to have the matter heard and resolved in the manner it was resolved and that the only promise that was made to him was that if the court found him guilty that his sentence would not exceed twenty-five years to run consecutive to his life sentence. Moreover, the record showed clearly that Barnes knew he had the right to a jury trial, having exercised his right to a jury trial in this case on the first-degree murder charge.

We find that this evidence refutes Barnes claims that his attorneys coerced him into waiving his right to a jury trial on the remaining twelve charges. To the contrary, the record shows that Barnes knowingly and voluntarily waived his right to a jury trial on these remaining twelve charges based upon the agreement that he would receive a maximum sentence of twenty-five years on those remaining charges. While Barnes now argues that he was misled about his sentence running consecutive to his life sentence, this argument is refuted by the contrary terms in the written waiver he signed and in the transcript of the proceedings during which the court accepted his waiver.

Furthermore, Barnes's waiver of his right to a jury trial was made pursuant to a sentencing agreement, which we find analogues to a plea agreement. And the expectation that a defendant will receive a lighter sentence does not make a plea involuntary. *McMahon v. State*, 569 S.W.2d 753, 758 (Mo.banc 1978). Indeed, it is well-settled that a disappointed hope of a lesser sentence does not make a plea involuntary. *McCall v. State*, 771 S.W.2d 357, 359 (Mo.App.E.D. 1989) (citing *McMahon*, 569 S.W.2d at 758).

5

Finally, as to the prejudice prong of the *Strickland* test, Barnes's claim also fails. Barnes has not shown a reasonable probability that, but for counsel's alleged errors, the outcome would have been different. While Barnes alleges that but for counsel's alleged errors he would have insisted on a jury trial on the remaining twelve charges, he does not allege how the outcome of a jury trial would have been different than the outcome of his bench trial. Barnes does not explain how the same evidence detailing his September 28, 2007, crime spree that the jury found sufficient to convict him of first-degree murder and the court found sufficient to convict him of the remaining twelve charges would not have likewise resulted in convictions on the twelve related charges had he insisted on proceeding with a jury trial on those charges. Moreover, Barnes has failed to show that he would have received a lighter sentence than the additional twenty-five years he got pursuant to the agreement described above. Thus, the motion court did not clearly err. Point denied.

## Conclusion

For the reasons stated above, we affirm.

_____
James M. Dowd, Presiding Judge

Kurt S. Odenwald, J., and
Gary M. Gaertner, Jr., J., concur.