

## Missouri Court of Appeals
### Southern District
### Division One

FRANK PETER RENICK, JR.,       )
                                     )
          Appellant,         )
                                     )
  vs.                          )   No. SD36140
                                     )
STATE OF MISSOURI,         )   FILED:  January 23, 2020
                                     )
          Respondent.     )

### APPEAL FROM THE CIRCUIT COURT OF CAMDEN COUNTY

Honorable Peggy D. Richardson, Judge

**<u>AFFIRMED</u>.**

Frank Peter Renick, Jr. ("Movant") was charged with one count of statutory sodomy in the first degree (count 1) and two counts of child molestation in the first degree (counts 2 and 3). *See* sections 566.062 & 566.067.[1] In accordance with a plea agreement to dismiss count 1, Movant pleaded guilty to counts 2 and 3 of child molestation and was sentenced to two concurrent ten year sentences. Movant timely filed an initial and an amended Rule 24.035 post-conviction relief ("PCR") motion. Following an evidentiary hearing, the motion court entered a judgment denying the amended motion. Movant now appeals that judgment alleging that the motion court clearly erred in not finding that he received ineffective assistance of counsel

---

[1] All statutory references are to RSMo Cum.Supp. (2006). All rule references are to Missouri Court Rules (2019).

1

("IAC") during his plea hearing and sentencing.

Movant presents two points on appeal. First, he claims the motion court clearly erred when it denied his PCR motion because plea counsel was ineffective "for leading [Movant] to believe that he would receive a sentence of probation and that a trial would be too costly. . . ." Second, Movant claims the motion court clearly erred because plea counsel was ineffective for "failing to explain to [Movant] the purpose of a Sentencing Assessment Report (SAR) and to present medical records. . . ." Finding no clear error, we affirm.

## Applicable Legal Principles

Our review of the denial of a PCR motion is limited to whether the motion court's findings of fact and conclusions of law are "clearly erroneous."[2] Rule 24.035(k); ***Ross v. State***, 335 S.W.3d 479, 480 (Mo. banc 2011) (quoting ***Roberts v. State***, 276 S.W.3d 833, 835 (Mo. banc 2009)). The motion court's "findings and conclusions are clearly erroneous only if, after review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made." ***Roberts***, 276 S.W.3d at 835. Movant bears the burden to prove the grounds asserted in his or her PCR motion by a preponderance of the evidence. Rule 24.035(i); ***McLaughlin v. State***, 378 S.W.3d 328, 337 (Mo. banc 2012). "The motion court's findings are presumed correct." ***Davis v. State***, 486 S.W.3d 898, 905 (Mo. banc 2016) (citing ***Johnson v. State***, 406 S.W.3d 892, 898 (Mo. banc 2013)). An appellate court "defers to 'the motion court's superior opportunity to judge the credibility of witnesses.'" ***Davis***, 486 S.W.3d at 905 (quoting ***Barton v. State***, 432 S.W.3d 741, 760 (Mo. banc 2014). "The motion court's rejection of certain

---

[2] "The same standard of review is applied when reviewing the grant or denial of a Rule 24.035 or Rule 29.15 motion." ***Berry v. State***, 551 S.W.3d 102, 107 n.5 (Mo.App. 2018) (internal quotation marks and citations omitted). For this reason, cases under both rules are cited in this opinion where applicable without further distinction.

witness testimony as non-credible goes to whether Movant met his burden of demonstrating a claim for relief. . . ." *Davis*, 486 S.W.3d at 905 n.2.

To prevail on an IAC claim, the movant must demonstrate by a preponderance of the evidence that counsel failed to exercise the level of skill and diligence that a reasonably competent trial counsel would in a similar situation and the movant was prejudiced as a result of counsel's failure. *Id.* at 906; *Strickland v. Washington*, 466 U.S. 668, 688 (1984). In the context of a guilty plea, a movant "establishes prejudice due to ineffective assistance of counsel by demonstrating that a reasonable probability exists that, but for plea counsel's errors, the movant would not have entered a guilty plea and would have insisted on proceeding to trial." *Jones v. State*, 211 S.W.3d 210, 213 (Mo.App. 2007). If Movant fails to demonstrate that he or she was prejudiced by counsel's performance, we do not need to address or reach the question of whether counsel's performance was ineffective. *Barnes v. State*, 506 S.W.3d 407, 410 (Mo.App. 2016) (citing *State v. Simmons*, 955 S.W.2d 729, 746 (Mo. banc 1997)).

### Factual and Procedural Background

By information, Movant was charged in count 1 with statutory sodomy and in counts 2 and 3 with child molestation. Movant retained attorney Andrew Lyskowski ("plea counsel") to represent him on these charges, including during his plea hearing and sentencing. In accordance with a plea agreement with the State, Movant entered "open" guilty pleas to child molestation on counts 2 and 3 in exchange for the State dismissing count 1. During the plea hearing, the State orally further agreed to limit its sentencing recommendation to the plea court to ten years in the Department of Corrections ("DOC").

During the plea hearing, Movant stated that, as alleged in count 2, he committed the class B felony of child molestation in the first degree on or about August 5, 2015, when he knowingly subjected M.W. to sexual contact by touching her breasts under her clothing when she was less

3

than 14 years old. Movant also admitted that, as alleged in count 3, he committed the Class B felony of child molestation on or about September 19, 2014, when he knowingly subjected K.R. to sexual contact by touching her vagina with his hand through her clothing when she was less than 14 years old. The plea court informed Movant that the range of punishment for each felony was five to fifteen years imprisonment, which Movant stated he understood. Movant further stated that he understood he did not have to plead guilty, that threats or promises had not been made to coerce him into pleading guilty, and that he understood he waived certain of his constitutional rights in order to enter a guilty plea. Movant's written, signed plea petition was admitted into evidence. The court accepted Movant's guilty pleas, sentenced Movant to ten years imprisonment on each count to be served concurrently, and entered judgment accordingly.

After delivery to the DOC, Movant timely filed a Rule 24.035 Motion to Vacate, Set Aside, or Correct Judgment. Retained counsel for Movant thereafter timely filed an amended motion (the "PCR motion"). The PCR motion asserted three IAC claims of which only the first and third are relevant to this appeal. The first IAC claim alleged that "[p]lea counsel affirmatively informed Movant that he would receive probation" and that plea counsel told Movant "he would need to pay a large amount of money for trial and that he should plead guilty." The third IAC claim alleged that "[p]lea counsel advised Movant to waive his Sentencing Assessment Report. Movant did not fully understand such waiver and Plea counsel failed to provide the Court with medical records and other mitigation evidence."

At the evidentiary hearing on the PCR motion, both Movant and plea counsel testified and the motion court took judicial notice of the underlying criminal case file.

The motion court found that:

[Plea counsel] testified that he met with Movant on numerous occasions. He also testified that he had two sit-down meetings with Movant in the week leading up to

4

the plea where the plea would have been discussed. He also met with Movant the morning of Court and again reviewed the plea. [Plea counsel] testified that [sic] explained the possible outcomes, but that he did not advise Movant that he would receive probation. He also testified that he reviewed the written plea petition with Movant and that Movant signed every page.

The motion court further found that "[plea counsel] testified that he did explain to Movant the purpose of a Sentencing Assessment Report" and that "[plea counsel] testified, and the record reflects, that he argued medical conditions during sentencing. He also had Movant evaluated by Dr. Jeffrey Kline and provided Dr. Kline's Forensic Psychological Evaluation, which included reference to Movant's underlying medical conditions, to the Court at sentencing." The motion court expressly found plea counsel's "testimony to be credible" and that "Movant has failed to adduce any evidence that [plea counsel's] actions caused him prejudice."

The motion court concluded that the record did not support that Movant's plea counsel was ineffective and that Movant failed to demonstrate he was prejudiced by plea counsel's actions. The motion court, accordingly, entered judgment denying the PCR motion. Movant timely appeals that judgment.

## Discussion

### *Point 1—Movant Failed to Prove His First IAC Claim*

In his first point on appeal, Movant claims that the motion court clearly erred in denying his first IAC claim in his PCR motion because plea counsel was ineffective "for leading [Movant] to believe that he would receive a sentence of probation[] and that a trial would be too costly."[3] We disagree.

---

[3] Movant's wording of this point encompasses the claim made in his PCR motion that "[p]lea counsel affirmatively informed Movant that he would receive probation" and that plea counsel told Movant "he would need to pay a large amount of money for trial and that he should plead guilty." To the extent Movant's point seeks to assert an expanded, different, or new IAC claim that was not included in his PCR motion, such claim has been waived. Rule 24.035(d); *Barajas v. State*, 565 S.W.3d 760, 765 (Mo.App. 2019). Consequently, our discussion of this point is constrained by the IAC claim made in the PCR motion.

5

For his first IAC claim in his PCR motion, Movant alleged that "[p]lea counsel affirmatively informed Movant that he would receive probation" *and* that plea counsel told Movant "he would need to pay a large amount of money for trial and that he should plead guilty." Movant had the burden to prove these allegations in the motion court by a preponderance of the evidence. *See* Rule 24.035(i); **McLaughlin**, 378 S.W.3d at 337. As to the first of the two conjunctive allegations, Movant testified that plea counsel "affirmatively [told him], [he] would absolutely receive probation by the Judge." On the other hand, plea counsel testified "he did not advise Movant that he would receive probation." The motion court expressly credited plea counsel's testimony and in doing so necessarily implicitly found Movant's testimony non-credible. Because we defer to the motion court's credibility determinations, **Davis**, 486 S.W.3d at 905, we are not left with a definite and firm impression that the motion court made a mistake in concluding that the record did not support that "[p]lea counsel affirmatively informed Movant that he would receive probation[.]"

The record is sparse as to the second conjunctive allegation of Movant's first IAC claim—plea counsel told Movant "he would need to pay a large amount of money for trial and that he should plead guilty." In response to his PCR counsel's question "[a]nd you are alleging that, *but for those two things*, being told that you would receive a sentence of probation or have to pay a great deal of money for a trial, you would not have pled guilty but gone to trial; is that correct[,]" Movant answered "Correct." (Emphasis added.) Plea counsel testified that "… we discussed the increased fee and decided to minimize the impact on -- the charges on everyone and attempt to negotiate a plea…" and regarding the cost of a jury trial that he "did not advise [Movant] of a – what [he] would charge, but advised [Movant] that it would be more than what we had charged for the negotiated plea."

6

It appears that Movant pleaded, attempted to prove in the motion court, and now argues on appeal that his two conjunctive allegations as to plea counsel's statements to him give rise to a single IAC claim, rather than two separate stand-alone IAC claims based upon each respective statement. In that context, the failure to prove the first alleged statement would necessarily defeat the single claim. We need not consider or address that relationship of the two statements to a single claim, however, because as to the second alleged statement, Movant only proved, at best, that plea counsel told him that "he would have to pay a great deal of money for trial." There is no evidence in the record that this was an incorrect or inaccurate statement or that plea counsel's performance in making the statement to Movant was deficient or improper in any respect. Plea counsel merely pointed out to Movant the rather obvious fact that because of the additional time required to prepare for and participate in a trial, attorney fees for representation on a criminal case resolved by a trial can exceed those in which a criminal case is resolved through a guilty plea before trial.

Moreover, even if plea counsel's performance in telling Movant that "he would have to pay a great deal of money for trial" was deficient, which we have previously determined it was not, the only evidence Movant suffered any prejudice as a result of this statement is that "but for those two things," referring to his conjunctive allegations as to plea counsel's statements to him, Movant "would not have pled guilty but gone to trial." Because the motion court found that Movant did not prove the first alleged statement, the motion court was free to determine either that Movant failed to offer any evidence that he "would not have pled guilty but gone to trial" based solely on plea counsel's second statement to him or that, even if his testimony could be so construed, it was non-credible, *see Davis*, 486 S.W.3d at 905. We are not left with a definite and firm impression that the motion court made a mistake in concluding that the record fails to

support that the second conjunctive statement by plea counsel, standing alone, prejudiced Movant.

For the preceding reasons, we are not left with a definite and firm impression that the motion court made a mistake in concluding that, as to Movant's first IAC claim, the record did not support that Movant's plea counsel was ineffective and that Movant failed to demonstrate he was prejudiced by plea counsel's actions. Movant's first point is denied.

### Point 2—Movant Failed to Prove His Third IAC Claim

In his second point on appeal, Movant claims the motion court erred in denying his third IAC claim in his PCR motion because plea counsel was ineffective "for failing to explain to [Movant] the purpose of a Sentencing Assessment Report (SAR) and to present medical records[.]"

During the evidentiary hearing, Movant testified that he did not know what a SAR is and that plea counsel never spoke to him about a SAR. Plea counsel testified, however, that he explained the purpose of a SAR to Movant. The motion court expressly credited plea counsel's testimony and in doing so necessarily implicitly found Movant's contrary testimony non-credible. Because we defer to the motion court's credibility determinations, *Davis*, 486 S.W.3d at 905, we are not left with a definite and firm impression that the motion court made a mistake in concluding that the record did not support Movant's third IAC claim that plea counsel failed to explain to Movant the purpose of a SAR.

As to the second prong of Movant's third IAC claim, the record is clear that plea counsel did not present any of Movant's medical records to the plea court. What is completely missing from the record, however, is any evidence as to the contents of any of those medical records. Movant's failure to present such content evidence necessarily precludes Movant from satisfying his burden to prove that plea counsel's performance in failing to present any particular medical

8

record to the plea court was deficient in any respect or that such failure prejudiced Movant in any manner. In the absence of any evidentiary support as to the contents of any medical record, we are not left with a definite and firm impression that the motion court made a mistake in concluding that, as to Movant's third IAC claim of failure to present medical records, the record did not support that Movant's plea counsel was ineffective and that Movant failed to demonstrate he was prejudiced by plea counsel's actions. Movant's second point is denied.

## Decision

The motion court's judgment denying Movant's PCR motion is affirmed.

GARY W. LYNCH, P.J. – OPINION AUTHOR

NANCY STEFFEN RAHMEYER, J. – CONCURS

WILLIAM W. FRANCIS, JR., J. – CONCURS